IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL REAL, LLC, | CASE NO. 1:12-cv-01669-LJO-GSA |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** (Doc. 11) |
| vs. | |
| KAMALA HARRIS, EDMUND G. BROWN, and the STATE OF CALIFORNIA, | |
| Defendants. | |

## I. INTRODUCTION

In this action plaintiff Del Real, LLC ("Del Real") challenges the nonfunctional slack fill provisions of the California Fair Packaging and Labeling Act ("CFPLA"). Del Real seeks injunctive and declaratory relief against the State of California ("State"), Governor Edmund G. Brown ("Governor"), and Attorney General Kamala Harris ("Attorney General") (collectively "defendants") based on federal preemption and state law theories. Defendants seek to dismiss the complaint in its entirety without leave to amend. Defendants argue that the action against the State is barred by the Eleventh Amendment. Defendants further argue that neither the Governor nor Attorney General is a proper defendant since neither has a direct connection to the enforcement of the CFPLA. Del Real opposes the motion. For the reasons discussed below, this Court GRANTS defendants' motion in part and DENIES it in part.

## II. BACKGROUND[1]

---

[1] The background facts, unless otherwise noted, are derived from Del Real's complaint. This Court accepts the factual allegations in Del Real's complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1

Del Real is a company that prepares, packages, and sells Mexican dishes that are fully cooked and packaged in heat and serve containers. Del Real alleges that several county district attorney offices, unnamed in the complaint, have threatened to file a law enforcement action against it for alleged violations of the CFPLA's slack fill requirements.[2]

In response to the threat of law enforcement action, Del Real filed a complaint with this Court. (Doc. 1). Del Real seeks declaratory and injunctive relief against the State, the Governor, and the Attorney General. Del Real seeks a judgment declaring that: (1) the Federal Meat Inspection Act, 21 U.S.C. § 601, *et seq.*, and the Poultry Products Inspection Act, 21 U.S.C. § 451, *et seq.*, preempt Cal. Bus. & Prof. Code §§ 12606 and 12606.2, as applied to meat and poultry; (2) under its own terms, Cal. Bus. & Prof. Code § 12606.2, does not apply to meat and poultry products; and (3) Del Real's packaging practices are in compliance with federal law and thus, do not violate California law. Del Real also seeks to enjoin defendants from enforcing Cal. Bus. & Prof. Code §§ 12606.2 and 12606, against its meat and poultry products.

Now before the Court is defendants' motion to dismiss filed on December 17, 2012. (Doc. 11). Defendants argue that Del Real's complaint should be dismissed in its entirety without leave to amend. Defendants argue that the action against the State is barred by the Eleventh Amendment. Defendants further argue that neither the Governor nor Attorney General are proper defendants since neither has a direct connection to the enforcement of the CFPLA. Del Real filed an opposition to the motion to dismiss (Doc. 19) to which defendants replied (Doc. 21). This Court VACATES the February 14, 2013, hearing or oral argument, pursuant to Local Rule 230(g).

### III. LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is

---

[2] "Slack fill is the difference between the actual capacity of a container and the volume of product contained therein." Cal. Bus. & Prof. Code § 12606.2(c). Nonfunctional slack fill is "the empty space in a package that is filled to less than its capacity" for reasons other than those permitted by statute. *Id*. The purpose of the nonfunctional slack fill provisions is to protect consumers from misleading packaging materials. *See Hobby Indus. Assn. of America, Inc. v. Younger*, 101 Cal. App. 3d 358, 367 (1980) ("Nonfunctional slack fill . . . contributes to consumer confusion."). Under the CFPLA, "a container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." Cal. Bus. & Prof. Code § 12606.2(c).

either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*,

3

745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

**A. Claims Against the State**

Defendants seek to dismiss the claims against the State based on Eleventh Amendment immunity. Del Real concedes that the State may not be sued without its consent and thus, does not object to a dismissal of the claims against the State.

Defendants' motion to dismiss all claims against the State is GRANTED without leave to amend.

**B. Claims Against the Attorney General**

Del Real alleges three claims against the Attorney General, a federal preemption claim and two state law claims.

**1. Federal Claim**

Defendants argue that Del Real's federal claim is barred by the Eleventh Amendment. Defendants further contend that the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply here because the Attorney General lacks a sufficient connection with the enforcement of the act.

The Eleventh Amendment generally "prohibit[s] federal courts from hearing suits brought by private citizens against state governments without the state's consent." *Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). "A state's sovereign immunity from suit in federal court normally extends to suits against its officers in their official capacities." *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002). However, pursuant to *Ex Parte Young*, "a plaintiff may maintain a suit for prospective relief against a state official in his official capacity, when that suit seeks to correct an ongoing violation of the Constitution or federal law." *Id*. at 934-35 (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). The official sued "must have some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. at 157.

While state law determines "whether and under what circumstances a particular defendant has any connection with the enforcement of the law of that state . . . it is a question of federal jurisdictional

4

law whether the connection is sufficiently intimate to meet the requirements of *Ex Parte Young*." *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (9th Cir. 1979). The Ninth Circuit has held that where a state attorney general may "stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute the prosecutor would have . . .[the attorney general] is properly named under *Ex Parte Young* . . .." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 920 (9th Cir. 2004).

Here, Del Real contends that Cal. Govt. Code § 12550 establishes a sufficiently direct connection with enforcement of the CFPLA for the Attorney General to qualify for the *Ex Parte Young* exception. Cal. Govt. Code § 12550 provides that:

> The Attorney General has direct supervision over the district attorneys . . . and may require of them written reports as to the condition of public business entrusted to their charge.
>
> When [s]he deems it advisable or necessary in the public interest, or when directed to do so by the Governor, [s]he shall assist any district attorney in the discharge of his [or her] duties, and may, where [s]he deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction. In this respect [s]he has all the powers of a district attorney, including the power to issue or cause to be issued subpoenas or other process.

Cal. Gov't Code § 12550.

The above statute gives the Attorney General the same power of a district attorney to enforce California's slack fill requirements. Accordingly, there is a sufficient connection between the Attorney General and the enforcement of the CFPLA for the *Ex Parte Young* exception to apply. *See Wasden*, 376 F.3d at 920. Thus, Del Real's federal claim against the Attorney General is not barred by the Eleventh Amendment.

To the extent defendants argue that Del Real's federal claim is barred by the Eleventh Amendment because there is no direct threat of enforcement by the Attorney General, this argument is foreclosed by *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002). In *Nat'l Audubon,* the Ninth Circuit determined that defendants' argument that the "*Ex Parte Young* exception requires a genuine threat of enforcement by a state official before a federal court can hear a party's claims" was essentially an argument that the *Ex Parte Young* exception contains a "ripeness" component. *Id*. at 846 (internal quotation marks omitted). The Ninth Circuit declined to read "ripeness" or "imminence"

requirements into the "*Ex Parte Young* exception beyond those already imposed by a general Article III and prudential ripeness analysis." *Id*. at 847; *see also Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007).

Accordingly, defendants' motion to dismiss Del Real's federal claim against the Attorney General is DENIED.

**2. State Law Claims**

With regard to Del Real's state law claims, federal courts "are barred by the Eleventh Amendment from deciding claims against state officials based solely on state law." *Han v. United States Dep't of Justice*, 45 F.3d 333, 339 (9th Cir. 1995). In such cases "the entire basis for the doctrine of [*Ex Parte Young*] disappears. A federal court's grant of relief against state officials on the basis of state law . . . does not vindicate the supreme authority of federal law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Rather, a grant of relief would intrude on state sovereignty and conflict "with the principles of federalism." *Id*.

In Del Real's second cause of action it alleges that Cal. Bus. & Prof. Code § 12606.2 does not apply to meat and poultry products by its own terms. In its third cause of action, it alleges that its packaging practices are in compliance with federal law and therefore, do not violate Cal. Bus. & Prof. Code § 12612. Because Del Real's second and third causes of action are against a state official and based solely on state law, these claims are barred by the Eleventh Amendment. *See Han*, 45 F.3d at 339.

Defendants' motion to dismiss Del Real's state law claims against the Attorney General is GRANTED without leave to amend.

**C. Claims Against the Governor**

Defendants maintain that Del Real's claims against the Governor are barred by the Eleventh Amendment. Defendants argue that the *Ex Parte Young* exception does not apply because the Governor is not involved with the enforcement of the CFPLA.

As discussed above, in order for the *Ex Parte Young* exception to apply the official sued "must have some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. at 157. "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."

*Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Del Real contends that Cal. Gov't Code § 12550, provides a sufficient connection between the Governor and the enforcement of the CFPLA to satisfy *Ex Parte Young*'s connection requirement. Cal. Govt. Code § 12550 provides that "[w]hen [the Attorney General] deems it advisable . . . or when directed to do so by the Governor, [the Attorney General] shall assist any district attorney in the discharge of his duties, and may, where [the Attorney General] deems it necessary, take full charge of any . . . prosecution . . ." The Governor's mere ability to direct the Attorney General is insufficient to satisfy the enforcement requirement in *Ex Parte Young*. *See S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980) (holding that the attorney general's power to direct and advise district attorneys did not establish a sufficient connection with enforcement to satisfy *Ex Parte Young*). Because Cal. Govt. Code § 12550, does not give the Governor the authority to enforce the CFPLA "the requisite enforcement connection" does not exist and Del Real's claims against the Governor are barred by the Eleventh Amendment. *Nat'l Audubon Soc'y, Inc.*, 307 F.3d at 847.

Defendants' motion to dismiss all claims against the Governor is GRANTED without leave to amend.

### V. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. VACATES the February 14, 2013, hearing or oral argument, pursuant to Local Rule 230(g);
2. GRANTS defendants' motion to dismiss all claims against the State and Governor without leave to amend;
3. DENIES defendants' motion to dismiss the federal preemption claim against the Attorney General; and
4. GRANTS defendants' motion to dismiss the state law claims against the Attorney General without leave to amend.IT IS SO ORDERED.

Dated:   **February 11, 2013**          /s/  Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE